UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| STATE OF NEVADA,<br><br>    Plaintiff<br><br>v.<br><br>TAZ T. HAMMOND,<br><br>    Defendant | Case No.: 2:25-cr-00036-APG-DJA<br><br>**Order Remanding Case** |

Defendant Taz Hammond removed this case from Las Vegas Justice Court under 28 U.S.C. § 1455.  Hammond asserts that this court has jurisdiction over offenses involving U.S. nationals like him under 18 U.S.C. § 7(9).  He also asserts that the charges against him were "conducted in violation of federal standards established under 28 C.F.R. § 29.10, which governs voluntary vehicle stop programs."  ECF No. 1 at 2.

Section 1455 sets forth the procedure for removing criminal prosecutions from state court.  The court in which the removal notice is filed "shall examine the notice promptly," and "shall make an order for summary remand" if "it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted."  28 U.S.C. § 1455(b)(4).  Having conducted this review, it clearly appears from the face of Hammond's notice and the attached exhibit that I lack jurisdiction.

The charges against Hammond are traffic violations for driving an unregistered vehicle with a fictitious or revoked registration without a valid driver's license or proof of insurance.  ECF No. 1 at 4.  As the basis for jurisdiction in this court, Hammond cites to 18 U.S.C. § 7, which defines the "special maritime and territorial jurisdiction of the United States."  Subsection (9) provides that, "[w]ith respect to offenses committed by or against a national of the United

States," included within the United States' special maritime and territorial jurisdiction are "the premises of United States diplomatic, consular, military or other United States Government missions or entities in foreign States . . .," and "residences in foreign States and the land appurtenant or ancillary thereto . . . ." Hammond asserts he is a United States national, but he does not assert that the offenses in question took place in foreign States. The traffic citation shows that the offenses occurred in the State of Nevada, which issued the citation. Thus § 7(9) does not apply.

Hammond's reliance on 28 C.F.R. § 29.10 is also misplaced. That section merely allows a car owner to withdraw from a national voluntary motor vehicle theft prevention program. *See* 28 C.F.R. §§ 29.1(a), 29.4, 29.8, 29.10, 29.12. That statutory program in no way exempts drivers from complying with state laws regarding proper registration, licensure, and proof of insurance. Consequently, removal was improper, and I remand the case.

I THEREFORE ORDER that this case is remanded to the Las Vegas Justice Court from which it was removed for all further proceedings. The clerk of court is instructed to close this case.

DATED this 25th day of February, 2025.

_____
ANDREW P. GORDON
CHIEF UNITED STATES DISTRICT JUDGE